HOLLY E. ESTES, ESQ.
Nevada Bar No. 11797
Estes Law, P.C.
605 Forest Street
Reno, Nevada 89509
Telephone (775) 321-1333
Facsimile (775) 321-1314
*Email: hestes@esteslawpc.com*

Counsel for New England Med Solutions, LLC

*ELECTRONICALLY FILED*
*August 20, 2021*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

| | |
|---|---|
| In Re:<br><br>RSM MEDICAL, INC.<br><br>Debtor.<br>_____/ | Case No. 21-12032-MKN<br>Chapter 7<br><br>**MOTION FOR ORDER REQUIRING TRUSTEE TO ABANDON ALTER EGO CLAIMS**<br><br>Hearing Date: October 6, 2021<br>Hearing Time: 2:30 p.m. |

Creditor and party in interest, New England Med Solutions, LLC, a Massachusetts limited liability company ("New England Med"), by and through its counsel, Holly E. Estes, Esq., of Estes Law, P.C., hereby files its Motion for Order Requiring the Trustee to Abandon Alter Ego Claims. This motion is brought pursuant to 11 U.S.C. §554(b) and Fed. R. Bankr. P. 6007(b) and the following memorandum of points and authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

1. The Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on April 22, 2021.

2. Brian D. Shapiro was appointed as the Chapter 7 Trustee.

3. The Section 341 meeting of creditors was held on May 24, 2021 at 11:30

1 a.m.

2     4. On the petition date, alter ego claims existed against the Debtor's
3 principals, Ryan Trujillo ("Trujillo") and his wife Natalia Mal aka Monica Mal ("Mal").

4     5. The alter ego claims are based upon Trujillo and Mal failing to recognize
5 the distinction between themselves and RSM Medical, Inc. (the "Debtor"). Specifically,
6 Trujillo and Mal used the Debtor's bank account to pay their personal bills and expenses;
7 Trujillo and Mal never held any annual meeting on behalf of the Debtor; and Trujillo and
8 Mal failed to follow any corporate formalities.

9     6. The Chapter 7 Trustee is aware of the alter ego claims, but they have not
10 been litigated.

11     7. New England Med believes that the Chapter 7 Trustee has investigated the
12 financial affairs of the Debtor and the property belonging to the estate. Upon information
13 and belief this estate is without assets available to distribute to creditors.

14     8. Litigation is speculative and risky. There is no money in the estate for the
15 Chapter 7 Trustee to pursue the alter ego claims against Trujillo and Mal. Due to the
16 speculative nature of litigation it is not financially feasible for the Chapter 7 Trustee to
17 expend resources to prosecute the alter ego claims against Trujillo and Mal. For the
18 Trustee to expend financial resources on the alter ego claims, it would be burdensome.

19     9. 11 U.S.C. §554(b) provides that on request of a party in interest and after
20 notice and a hearing, the court may order the trustee to abandon any property of the estate
21 that is burdensome to the estate or that is of inconsequential value and benefit to the
22 estate.

23     10. The alter ego claims against Trujillo and Mal have no present value to the
24 no asset bankruptcy case estate. The Chapter 7 Trustee is aware of the alter ego claims,
25 but has not pursued them. There is no money in the estate to pursue the alter ego claims.
26 Any judgement, if obtained, may be difficult to collect. Accordingly, New England Med
27 requests that this court order the Trustee to abandon the alter ego claims against Trujillo
28 and Mal.

1    WHEREFORE, New England Med requests that the Court issue an Order

2 requiring the Chapter 7 Trustee to abandon the alter ego claims against Trujillo and Mal,

3 and for such other relief as is just and proper.

4    **DATED** this 20th day of August, 2021.

ESTES LAW, P.C.

By: */s/ Holly E. Estes*
HOLLY E. ESTES, ESQ.
Attorney for New England Med Solutions, LLC

**ESTES LAW, P.C.**
**605 Forest Street**
**Reno, Nevada  89509**
**(775) 321-1333**

F:\New England Medical Solutions\Mot Abandon 081921.wpd    - 3 -